UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CAYTRANS BBC, LLC and DAN GULF SHIPPING, INC.,** | § § § | **ADMIRALTY** |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. H-10-3620** |
| **PRIME MARITIME AGENCY, INC. and THOMAS M. RICHARD,** | § § § | |
| **Defendants.** | § § | |

## ORDER OF DEFAULT JUDGMENT

Pending before the Court is Plaintiffs' Motion for Default Judgment against Thomas Richard ("Motion") (Doc. No. 17). After considering the Motion, Plaintiffs' supplemental memoranda (Doc. Nos. 19, 21), and the applicable law, the Court finds that the Motion should be **GRANTED**.

Defendant Thomas M. Richard has been duly served with the Summons and Complaint. He is not an infant or an unrepresented incompetent person, but has failed to plead or otherwise defend this lawsuit. His default has been duly entered and Defendant has taken no action since such default was entered. Therefore,

**IT IS ORDERED** that the relief prayed for by Plaintiffs is **GRANTED**, and that Plaintiffs shall have and recover from Thomas M. Richard the amount of $91,170.11, which represents the damages sustained by Plaintiffs.

**IT IS FURTHER ORDERED** that, under Texas law, Plaintiffs are entitled to pre-judgment interest in the amount of 5% per annum from October 1, 2010 to January 17, 2012. *See Boston Old Colony Ins. Co. v. Tiner Assocs. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002) ("[I]n

1

diversity cases, . . . pre-judgment interest is calculated under state law."); *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007) (following the state's law on prejudgment interest in an admiralty case where the underlying substantive claim was based on state law). In Texas, a claim for prejudgment interest may be based upon general principles of equity or an enabling statute. *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W. 2d 507, 528 (Tex. 1998). Under § 304.003(c)(2) of the Texas Finance Code, Plaintiffs are entitled to pre-judgment interest in the amount of 5% per annum. Furthermore, under § 304.104, Plaintiffs are entitled to pre-judgment interest during the period beginning on the date the suit is filed, October 1, 2010, and ending on the date judgment is rendered.

IT IS FURTHER ORDERED that Plaintiffs are entitled to post-judgment interest in the amount of 0.12%. *See Boston Old Colony*, 288 F.3d at 234 ("[I]n diversity cases, post-judgment interest is calculated at the federal rate."); *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993) (federal law applies to "any judgment in a civil case recovered in a district court.")

IT IS FURTHER ORDERED that Plaintiffs are entitled to reasonable attorneys' fees in the amount of $9,881.57. *See Exxon Corp. v. Bell*, 695 S.W.2d 788, 791 (Tex. App. – Texarkana 1985, no writ) ("[I]n conversion cases, where the circumstances of the case reveal that the action is founded upon a contract, attorney's fees may be recovered.").

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 17th day of January, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE